UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DE'AUNTAYE WHITE, )
 )
        Plaintiff, )
 )
        v. )    No. 1:19-cv-02666-JMS-MJD
 )
REGAL, et al. )
 )
        Defendants. )

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff De'Auntaye White, an inmate of the Indiana Department of Correction ("IDOC") at the Pendleton Correctional Facility, brought this lawsuit under 42 U.S.C. § 1983 alleging that the defendants failed to protect him from potential harm when his requests for separation or transfer were denied. The defendants move for summary judgment arguing that Mr. White has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. For the following reasons, the motion for summary judgment is granted.

**I. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views

the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.*, 906 F.3d 621, 628 (7th Cir. 2018).

## II. Facts[1]

At all times relevant to his claims, Mr. White was incarcerated by the IDOC at Pendleton. The IDOC grievance process, Offender Grievance Process, Policy and Procedure 00-02-301, requires inmates to complete three steps prior to filing a lawsuit. Dkt. 34-2, p. 3. This includes an attempt to resolve the complaint informally, as well as two formal steps: a formal written grievance, and then an appeal of the response to the formal written grievance. *Id.* Further, pursuant to the Grievance Process, an inmate may appeal even without a response to his formal grievance:

> If the offender receives no grievance response within twenty (20) business days of being investigated by the facility Offender Grievance Specialist, the offender may appeal as though the grievance has been denied. . . . the time to appeal begins on the twenty-first (21st) business day after the grievance was submitted or at the end of the extension approved by the Warden/designee.

Dkt. 34-2, p. 11.

The defendants have no record that Mr. White filed any grievances related to his claims in this lawsuit. Dkt. 34-1, ¶ 21. Mr. White asserts that his caseworker "turned [his] grievances in." Dkt. 31, p. 1. He also submits a request for interview form dated July 3, 2019, stating that his grievance has not been responded to, a request for interview stating that his phone book has been taken, a June 10, 2019, request for interview referencing a grievance, and a grievance dated June 16, 2019. Dkt. 31, p. 4-7.

---

[1] The Court notes that the parties initially did not provide admissible evidence either in support of, or in response to, the motion for summary judgment. The Court therefore directed them to do so. Dkt. 33. The defendants complied with these directions, dkt. 34, and were given leave to file a corrected brief in support of their motion, referencing the grievance policy that was applicable at the time of Mr. White's claims. Dkt. 36, 37. Mr. White did not respond to the Court's instructions or to the filing of the corrected brief.

2

### III. Discussion

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 39, 397 (7th Cir. 2004).

It is the defendants' burden to establish that the administrative process was available to Mr. White. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

The defendants argue that Mr. White failed to exhaust his available administrative remedies because he did not file any grievances related to his claims in this lawsuit. Mr. White argues that his caseworker "turned [his] grievances in," dkt. 31, p. 1, and submits some documents related to his claims. Dkt. 31, p. 4-7. As the Court previously explained, Mr. White's evidence is not admissible. Dkt. 33. Even considering his evidence, Mr. White's contentions demonstrate, at most,

3

that he filed a formal grievance related to his claims in this case. But the grievance process requires the inmate to complete three steps – (1) an attempt at informal resolution; (2) a formal grievance; and (3) a grievance appeal. There is no evidence that he filed an appeal as required by the Grievance Process. Because he did not attempt to appeal, there is no evidence that he exhausted every step of the process. *See Woodford,* 548 U.S. at 84 (the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."); *see also Dole* 438 F.3d at 809. Because he has not completed every step of the process, he has failed to exhaust his available administrative remedies.

## IV. Conclusion

For the foregoing reasons, the defendants are entitled to summary judgment on Mr. White's claims because Mr. White failed to exhaust his available administrative remedies before he filed this lawsuit. Their motion for summary judgment, dkt. [27], is therefore **granted**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 4/8/2020

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DE'AUNTAYE WHITE
248911
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel